# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01862-PAB

RESTAURANT LAW CENTER, NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, COLORADO RESTAURANT ASSOCIATION, HOME BUILDERS ASSOCIATION OF METROPOLITAN DENVER, AMERICAN HOTEL & LODGING ASSOCIATION, NATIONAL APARTMENT ASSOCIATION, and NATIONAL PROPANE GAS ASSOCIATION,

Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER,

Defendant.

## ANSWER

Defendant, the City and County of Denver ("Denver"), submits the following Answer to Plaintiffs' Complaint [Doc. #1].

### INTRODUCTION

1-3. Paragraphs 1 through 3 outline Plaintiffs' legal theories regarding EPCA preemption and thus no response from Denver is required. To the extent a response from Denver is required, Denver either denies the allegations in Paragraphs 1 through 3 and/or is without sufficient knowledge and information to either admit or deny the allegations and, accordingly, denies the same.

4. Paragraph 4 contains Plaintiffs' interpretation of the *Berkeley* case out of the Ninth Circuit and thus no response from Denver is required. To the extent a response from

Denver is required, Denver either denies the allegations in Paragraph 4 or is without sufficient knowledge and information to either admit or deny the allegations and, accordingly, denies the same.

5. Denver denies the allegations in Paragraph 5.

6. Denver is without sufficient knowledge and information to either admit or deny the allegations in Paragraph 6 and, accordingly, denies the same.

7. Denver denies the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. Denver admits that this Court has jurisdiction over this lawsuit.

9. Denver admits that this Court has personal jurisdiction over Denver.

10. Denver admits that venue is proper in this Court.

## PARTIES

11-17. Denver is without sufficient knowledge and information to either admit or deny the allegations in Paragraphs 11 through 17 and, accordingly, denies the same.

18. Paragraph 18 contains Plaintiffs' legal theory as to ripeness and thus no response from Denver is required. To the extent a response from Denver is required, Denver either denies the allegations in or is without sufficient knowledge and information to admit or deny the allegations in Paragraph 18 and, accordingly, denies the same.

19-21. Paragraphs 19 through 21 contain Plaintiffs' interpretation of certain Denver ordinances and regulations and thus no response from Denver is required. To the extent a

response from Denver is required, Denver either denies the allegations to the extent that they are in any way inconsistent with the express provisions of the ordinances and regulations or is without sufficient knowledge and information to either admit or deny the allegations in Paragraphs 19-21 and, accordingly, denies the same.

## PLAINTIFFS' INTERPRETATIONS OF DENVER LAW

22-35.  Paragraphs 22 through 35 contain Plaintiffs' legal interpretation of what is required by several provisions of Denver law, specifically the Denver Revised Municipal Code, the Denver Building and Fire Code, Denver Ordinances and the Denver Energy Code and, accordingly, no response from Denver is required. To the extent a response from Denver is required, Denver denies the allegations in Paragraph 22 through 35 to the extent that they are in any way inconsistent with the express provisions of the laws referred to.

## PLAINTIFFS' INTERPRETATIONS OF EPCA

36-62.  Paragraphs 36 through 62 contain Plaintiffs' legal interpretations of EPCA and, thus, no response from Denver is required. To the extent a response from Denver is required, Denver either denies the allegations or is without sufficient knowledge and information to either admit or deny the allegations in Paragraphs 36 through 62 and, accordingly, denies the same.

## PLAINTIFFS' PREEMPTION ARGUMENTS

63-77.  Paragraphs 63 through 77 contain Plaintiffs' legal arguments regarding EPCA preemption of certain Denver laws and regulations and, thus, no response from Denver is required. To the extent a response from Denver is required, Denver either denies the allegations or is without sufficient knowledge and information to either admit or deny the allegations in Paragraphs 63 through 77 and, accordingly, denies the same.

COUNT ONE

78. Denver incorporates its responses to Paragraphs 1 through 77 as if fully restated herein.

79-85. Denver denies the allegations and legal arguments contained in Paragraphs 79 through 85.

PRAYER FOR RELIEF

86-90. Paragraphs 86 through 90 contain Plaintiffs' Prayer for Relief and, accordingly, no response from Denver is required. To the extent a response from Denver is required, Denver denies the allegations in Paragraphs 86 through 90.

GENERAL DENIAL

Denver denies each and every allegation contained in the Complaint to the extent not expressly admitted herein.

DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a cause of action upon which relief can be granted.

2. Plaintiffs' claims fail as a matter of law.

3. Plaintiffs' claims are barred by the relevant statute of limitations.

4. Plaintiffs lack standing.

5. At all relevant times Denver acted in accordance with all regulatory, statutory and constitutional obligations.

6. Denver reserves its right to assert other or additional defenses and affirmative

defenses as they become known in the course of these proceedings.

WHEREFORE, the City and County of Denver requests that Plaintiffs' Complaint be dismissed with prejudice and that Defendant be awarded its reasonable fees and costs and any other relief deemed appropriate by the Court.

Respectfully submitted this 29th day of July, 2024.

By: *s/ Michele A. Horn*
Michele A. Horn
Assistant City Attorney
City and County of Denver
201 West Colfax Avenue, Dept. 1207
Denver, CO 80202-5332
(720) 913-3275
michele.horn@denvergov.org
*Attorney for Defendant the City and County of Denver*

# CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, I caused a true and correct copy of the foregoing **ANSWER** to be electronically filed with the Clerk of Court and served on the following parties using the CM/ECF system:

Megan H. Berge
Scott Novak
Baker Botts, LLP
700 K St NW
Washington, DC  20001
megan.berge@bakerbotts.com
scott.novak@bakerbotts.com
*Attorneys for Plaintiffs*

Angelo Amador
2055 L St NW
Washington, DC  20036
aamador@restaurant.org
*Attorney for Restaurant Law Center*

*s/ Shannon Egan*
Shannon Egan, Paralegal
City and County of Denver
201 West Colfax Avenue,
Dept. 1207
Denver, Colorado  80202-5332

6