**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-01862-PAB-KAS

RESTAURANT LAW CENTER, NATIONAL ASSOCIATION OF HOME BUILDERS OF
THE UNITED STATES, COLORADO RESTAURANT ASSOCIATION, HOME BUILDERS
ASSOCIATION OF METROPOLITAN DENVER, AMERICAN HOTEL & LODGING
ASSOCIATION, NATIONAL APARTMENT ASSOCIATION, and NATIONAL PROPANE
GAS ASSOCIATION,

      Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER,

      Defendant,

SIERRA CLUB,

      Proposed Defendant-Intervenor.

---

**SIERRA CLUB'S REPLY IN SUPPORT OF MOTION TO INTERVENE AND FOR
LEAVE TO FILE RULE 12(B) MOTION TO DISMISS**

---

      Sierra Club requests the Court grant it intervention in this case to defend the City and

County of Denver's building code standards that encourage electrification of commercial and

multi-family buildings. Sierra Club meets all the requirements to intervene of right in this case

under Federal Rule of Civil Procedure 24(a), and for permissive intervention under Rule 24(b).

      The Plaintiffs (hereinafter the "Industry Groups") and Defendant Denver oppose Sierra

Club's intervention. Neither party disputes that Sierra Club has a sufficient interest in the subject

matter of this litigation and that this litigation may impair its interests. The Industry Groups,

1

however, contend that Denver adequately represents Sierra Club's interests and the Motion to Intervene is untimely. The Industry Groups' two arguments fail.

The Industry Groups claim that Denver adequately represents Sierra Club's interests because this case involves a single issue of whether the federal Energy Policy and Conservation Act (EPCA) preempts Denver's building code standards. But this mischaracterizes the nature of this case, as the Industry Groups challenge several distinct building code standards that apply to different types of equipment and that include a mix of existing and future standards. This is precisely the type of case where the Tenth Circuit has long held that intervention is appropriate, even if an intervenor and an existing party have the same ultimate objective in the litigation. Moreover, the fact that Denver opposes Sierra Club's intervention because it is attempting to settle the case demonstrates that Denver has already struck a different balance of interests in defending its building code standards than Sierra Club, and thus Denver does not adequately represent Sierra Club's interests. In addition, in an analogous case with similar facts and parties, the court recently granted Sierra Club and other parties' intervention and held that Denver does not adequately represent Sierra Club's interests in related building performance standards. *Colo. Apartment Ass'n v. Ryan*, No. 24-cv-01093-RMR (D. Colo. Aug. 19, 2024) (order granting intervention). This Court should likewise grant Sierra Club's intervention here.

The Court should also reject the Industry Groups' claim that the intervention motion is not timely. In assessing the timeliness of a motion to intervene, the relevant question is whether allowing a party to intervene would prejudice the existing parties due to the passage of time since the litigation commenced. Here, instead of addressing the timeliness of the intervention motion, the Industry Groups take issue with the timing of the proposed Motion to Dismiss that Sierra

Club filed with its Motion to Intervene. The Industry Groups have made no showing that they will be prejudiced if the Court allows Sierra Club to intervene at this early stage of the litigation.

ARGUMENT

I.      **The Court should grant Sierra Club intervention as of right.**

    A.      **Denver does not adequately represent Sierra Club's interests in this lawsuit.**

Sierra Club has shown that Denver does not adequately represent its interests. Sierra Club Mot. to Intervene 12–14 (Docket No. 15). Satisfying Rule 24(a)'s adequate representation requirement is a "minimal burden" when parties seek to intervene in support of the government. *See, e.g., Kane Cnty., Utah v. United States (Kane 2024)*, 94 F.4th 1017, 1030 (10th Cir. 2024). Because Denver's interests are not identical to Sierra Club, Denver cannot adequately represent the interests of Sierra Club.

The Industry Groups argue that Denver adequately represents Sierra Club's interests because Sierra Club and Denver are in full agreement about what the Industry Groups claim is the sole issue in this case: whether EPCA preempts Denver's building code standards. Pls.' Opp'n 3–6 (Docket No. 23). The Industry Groups' argument fails for three reasons.

First, the fact that Denver opposes Sierra Club's Motion to Intervene demonstrates that it is not in full agreement with Sierra Club on the issues in this case. Notably, Denver does not base its opposition to Sierra Club's intervention on its belief that it adequately represents Sierra Club's interests. Instead, Denver stated it opposes intervention "because the parties are currently engaged in productive settlement discussions." Sierra Club Mot. to Intervene 3–4 (Docket No. 15). The Tenth Circuit has stated that the government's opposition to intervention indicates "that it may not adequately represent [the intervenor's] interests." *Kane Cnty., Utah v. United States*

3

*(Kane 2019)*, 928 F.3d 877, 895 (10th Cir. 2019). The Industry Groups ignore this case law when they claim that Denver's opposition to Sierra Club's intervention ensures that Denver will adequately represent Sierra Club's interests. *See* Pls.' Opp'n 5 (Docket No. 23).

Second, the fact that Denver is pursuing a settlement at the outset of this litigation shows that it may "in effect concede[] the case at the outset," which demonstrates that Denver is balancing its interests differently than Sierra Club. *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984). Sierra Club intends to fully defend each of the challenged Denver building code standards, and it has filed a proposed Motion to Dismiss covering all the claims in this case. *See* Sierra Club Proposed Mot. to Dismiss (Docket No. 16).[1] The Industry Groups claim the parties' settlement negotiations have no bearing on Rule 24(a)'s adequate representation requirement because an intervenor has no power to veto a settlement. Pls.' Opp'n 6 n.1 (Docket No. 23). But the Tenth Circuit has recognized that settlements require court approval, intervenors are entitled to present evidence and to object to a settlement, and amici have no such rights. *Kane 2019*, 928 F.3d at 896. The Tenth Circuit held that when the government may be inclined to settle a case, that fact can "satisfy the minimal burden to show inadequate representation." *Id.*; *see also Sanguine*, 736 F.2d at 1419 (finding inadequate representation when the government entered a consent decree at the case's early stages).

Third, the Industry Groups incorrectly characterize this case as involving a binary issue for the Court to resolve. *See, e.g.*, Pls.' Opp'n 4 (Docket No. 23) (claiming "this case . . . presents only a single issue."). However, this case does not present a single, binary issue. The

---

[1] At this time, Sierra Club is unable to take a position on any settlement proposals the parties have discussed, as the parties have not invited Sierra Club to participate in the settlement discussions and Sierra Club is thus unaware of any potential settlement terms.

Industry Groups' complaint challenges several distinct building code standards, including existing standards for space heating equipment (Denver Energy Code § C403.2.4), existing standards for water heating equipment (Denver Energy Code § C404.10), future 2025 standards that apply to several types of equipment (Revised Municipal Code § 10-20(d)), and future 2027 standards that apply to several types of equipment (Revised Municipal Code § 10-20(e)). Compl. ¶¶ 18–35, 79, 87–88 (Docket No. 1). Consequently, this case will require the Court to resolve challenges to several current and future standards that apply to different types of equipment.

This is the type of case where the Tenth Circuit has consistently found the government must balance multiple interests and has allowed intervention even if an intervenor shares a similar position regarding the outcome of the litigation. *See, e.g., WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996–97 (10th Cir. 2009) (allowing intervention even though the government shared the intervenor's interest in upholding an agency approval of a mining plan); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) (allowing intervention even though the government shared the intervenor's interest in defending a transportation plan); *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1256 (10th Cir. 2001) (allowing intervention even though the government shared the intervenors' interest in sustaining a national monument); *see also* Sierra Club Mot. to Intervene 13 (Docket No. 15) (noting that the building code standards reflect diverse views and interests).

The Industry Groups claim this case law is inapplicable under *Tri-State Generation and Transmission Association, Inc. v. New Mexico Public Regulation Commission*, 787 F.3d 1068 (10th Cir. 2015), because Denver and Sierra Club purportedly have identical objectives in this case. Pls.' Opp'n 5–6 (Docket No. 23). But in *Tri-State*, the court found this case law was

inapplicable because *Tri-State* involved a binary issue that did not require the government defendant to "strike some balance between" different interests. *Tri-State*, 787 F.3d at 1073. *Tri-State* does not apply here because this case does not involve a single, binary issue. Moreover, *Tri-State* recognized that a proposed intervenor can rebut a presumption of adequate representation by showing that the existing party's representation is inadequate. *See id.* Here, Sierra Club has shown that Denver may not adequately represent its interests, as Denver opposes Sierra Club's intervention and is striking a different balance of interests by pursuing a settlement.

The Industry Groups also claim Denver adequately represents Sierra Club's interests because Denver's Answer briefly references some defenses that Sierra Club included in its proposed Motion to Dismiss. Pls.' Opp'n 4–5 (Docket No. 23). But Denver did not file a motion to dismiss. Instead, Denver filed an Answer that does not reflect each argument in Sierra Club's Motion to Dismiss. As an example, the Motion to Dismiss argues the Industry Groups' challenge to portions of the building code standards are unripe for judicial review. Sierra Club Proposed Mot. to Dismiss 4–10 (Docket No. 16). Denver's decision to not offer a ripeness defense, while Sierra Club proposes to move for dismissal on ripeness claims, demonstrates that Denver does not adequately represent Sierra Club's interest in upholding the building code standards in a way that promotes Sierra Club's interests in protecting the environment, reducing air pollution, and addressing climate change. *See* Sierra Club Mot. to Intervene 9–11 (Docket No. 15).

Last, in an analogous case with similar facts and parties, the District of Colorado recently held that Sierra Club satisfied Rule 24(a)'s adequate representation requirement. *Colo. Apartment Ass'n v. Ryan*, No. 24-cv-01093-RMR, slip op. at 7–9 (D. Colo. Aug. 19, 2024) (order granting intervention). Similar to this case, the *Ryan* plaintiffs allege that EPCA preempts

building performance standards enacted by Denver and the State of Colorado. *Id.* at 1–2. Like this case, the *Ryan* plaintiffs seek to enjoin enforcement of those standards. *Id.* at 2. In deciding Sierra Club's intervention in *Ryan*, the court made clear that seeking the same relief as the government defendants does not mean their interests are identical under Rule 24(a)(2). *Id.* at 7–8. The court also found that Sierra Club did not have identical interests as the government defendants. *Id.* at 8. In *Ryan*, the court concluded the government defendants may not adequately represent the intervenors' private interests against the Plaintiffs' claims that EPCA preempts the challenged standards. *Id.* at 9. This Court should reach a similar conclusion.

      **B.**      **Sierra Club's Motion to Intervene is timely.**

      Sierra Club satisfies Rule 24(a)'s timeliness requirement. Sierra Club Mot. to Intervene 7 (Docket No. 15). This timeliness requirement focuses on whether granting a party's intervention request would prejudice the existing parties due to the passage of time between the initiation of the litigation and the motion to intervene. *See, e.g.*, *Clinton*, 255 F.3d at 1250–51. Here, Sierra Club filed its Motion to Intervene two months after the Industry Groups filed the Complaint and a month after Denver filed its Answer. The initial scheduling conference has not yet occurred, and the Court has not issued any substantive orders or rulings. Sierra Club's intervention at this early stage would not prejudice any existing party and is timely. *Cf. id.* (intervention motion filed three years after the complaint was timely when other parties not prejudiced); *Ryan,* slip op. at 4 (intervention motion filed two months after the complaint is timely).

      The Industry Groups argue that the proposed Motion to Dismiss—filed only a month after Denver filed its Answer—is too late and would "prejudice the parties by resetting the case to a stage that they have already completed." Pls.' Opp'n 7 (Docket No. 23). The Industry

Groups take issue with the fact that Sierra Club filed its proposed Motion to Dismiss after Denver filed its Answer. But the issue here is whether Sierra Club's Motion to Intervene is timely, not the Motion to Dismiss. The Sierra Club's Motion to Intervene is timely for the reasons summarized above, and the Industry Groups have made no argument that they would be prejudiced if Sierra Club becomes a party at this early stage of the litigation. If the Court finds the proposed Motion to Dismiss is untimely—which it should not do—the proper action would be to convert the Motion to Dismiss into a motion for judgment on the pleadings, rather than prevent Sierra Club from intervening in the case. *See, e.g.*, *Metro Renovation, Inc. v. Allied Grp., Inc.*, 389 F.Supp.2d 1131, 1133 (D. Neb. 2005) (when an untimely motion to dismiss could have been filed as a motion for judgment on the pleadings, "particularly where the defense of failure to state a claim has been preserved in the answer, the courts will typically convert a so-called Rule 12(b)(6) motion to a Rule 12(c) motion").

Moreover, contrary to the Industry Groups' claim, the proposed Motion to Dismiss is timely. Rule 12(b) requires a given party to submit a motion to dismiss before a responsive pleading. As required by the rules, Sierra Club did exactly that: it filed a Rule 12(b) motion before a responsive pleading. Contrary to the Industry Groups' argument, the Rules do not require parties to anticipate what types of responsive pleadings other defendants will file or expose them to disadvantages flowing from other defendants' choices that lie outside their control. *See, e.g.*, *Christianson v. McLean Cnty.*, No. 1:21-cv-00073, 2021 WL 7709367, at *3 (D.N.D. Dec. 30, 2021) ("Generally, an answer by one defendant cannot operate to the detriment of another defendant."), *reconsidered on other grounds*, No. 1:21-cv-073, 2022 WL 888454 (D.N.D. Mar. 25, 2022). Nor does the Motion to Intervene or proposed Motion to Dismiss reset

the case to a stage already completed, as Denver did not file a Rule 12(b) motion. This Court has not taken any actions since Denver filed its Answer, and it has not considered any motion to dismiss, let alone the arguments made in Sierra Club's proposed Motion to Dismiss. Tellingly, if Sierra Club filed its Motion to Intervene and proposed Motion to Dismiss before Denver filed its Answer—as the Industry Groups claim was necessary—this case would remain in the same procedural posture, with the Answer, the Motion to Intervene, and the proposed Motion to Dismiss pending before the Court. Thus, the timing of Sierra Club's Motion to Intervene and proposed Motion to Dismiss create no prejudice to the Industry Groups or Denver. The Court should reject the Industry Groups' argument that a defensive intervenor must file a proposed motion to dismiss before the defendant files an answer, as this would create an overly restrictive and unpredictable timeliness requirement that does not appear in Rule 24.

## II.     Alternatively, the Court should grant Sierra Club permissive intervention.

In addition to qualifying for intervention as of right, Sierra Club satisfies the requirements for permissive intervention under Rule 24(b). Sierra Club Mot. to Intervene 14–15 (Docket No. 15). Sierra Club intends to assert claims and defenses in common with those at the center of this action and it has raised several additional defenses challenging the Industry Groups' ability to bring this case. *See* Sierra Club Proposed Mot. to Dismiss (Docket No. 16). Moreover, this Motion to Intervene is timely and allowing Sierra Club to intervene in this case will not cause undue delay or prejudice to the existing parties. *See supra* pp. 7–9.

The Industry Groups claim—in passing and with limited legal support—that Sierra Club's participation in this case would "clutter the action." Pls.' Opp'n 3, 6 (Docket No. 23). Sierra Club's participation would be a far cry from the Tenth Circuit's finding that intervention

in a class action by a member of the class who was similarly situated with other members would "clutter the action unnecessarily." *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992). Instead, Sierra Club would assist the Court in resolving this case by providing additional perspective on the environmental, air, health, and climate benefits of the building code standards, and the legal issues related to EPCA preemption. *See Utahns*, 295 F.3d at 1116 (recognizing that "experience with" and "contribut[ions] to" the challenged agency action supports intervention). Thus, even if the Court does not grant intervention as of right, permissive intervention is warranted here.

## CONCLUSION

For the foregoing reasons, the Court should grant Sierra Club Motion to Intervene (Docket No. 15) and accept as filed Sierra Club's proposed Motion to Dismiss (Docket No. 16).

Dated October 10, 2024.

/s/ Michael A. Hiatt
Michael A. Hiatt
Robert Rigonan
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
(303) 623-9466
mhiatt@earthjustice.org
rrigonan@earthjustice.org

Matthew Gerhart
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org

Jim Dennison
Sierra Club
1650 38th St. Suite 103W
Boulder, CO 80301
(435) 232-5784
jim.dennison@sierraclub.org

*Attorneys for Proposed Defendant-Intervenor Sierra Club*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO INTERVENE AND FOR LEAVE TO FILE RULE 12(B) MOTION TO DISMISS** to be electronically filed with the Clerk of Court and served on the following parties using the CM/ECF system:

Ronald Scott Novak, Jr.
Megan H. Berge
Baker Botts LLP
700 K Street NW
Washington, DC 20001
(202) 639-7786
scott.novak@bakerbotts.com
megan.berge@bakerbotts.com

*Attorneys for Plaintiffs*

Angelo Amador
2055 L St NW
Washington, DC 20036
(202) 331-5913
AAmador@restaurant.org

*Attorney for Plaintiff Restaurant Law Center*

Michele Annette Horn
Denver City Attorney's Office
201 West Colfax Avenue
Denver, CO  80202-5332
(720) 913-3260
michele.horn@denvergov.org

*Attorney for Defendant*

/s/ Diana Ramirez
Diana Ramirez
Senior Litigation Assistant
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
dramirez@earthjustice.org