IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01862-PAB-KAS

RESTAURANT LAW CENTER,
NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES,
COLORADO RESTAURANT ASSOCIATION,
HOME BUILDERS ASSOCIATION OF METROPOLITAN DENVER,
AMERICAN HOTEL & LODGING ASSOCIATION,
NATIONAL APARTMENT ASSOCIATION, and
NATIONAL PROPANE GAS ASSOCIATION,

   Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER,

   Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Proposed Defendant-Intervenor Sierra Club's **Motion to Intervene and for Leave to File Rule 12(b) Motion to Dismiss** [#15] (the "Motion"). Plaintiffs filed a Response [#23] in opposition to the Motion [#15], and Sierra Club filed a Reply [#24]. Plaintiffs state that Defendant City and County of Denver also opposes intervention by Sierra Club, but Defendant did not join in Plaintiffs' Response [#23] and did not file a response of its own. *See Response* [#23] at 1; *see also Motion* [#15] at 3-4 (providing Defendant's conferral statement: "Denver opposes Sierra Club's Motion to Intervene because the parties are currently engaged in productive settlement discussions. If those negotiations do not succeed, Denver would likely change its position

regarding Sierra Club's position at that time."). For the reasons that follow, the Motion [#15] is **GRANTED**.[1]

According to the Complaint [#1], Defendant City and County of Denver codified certain building code standards by way of a 2021 ordinance designed to address gas appliances in commercial and multifamily buildings, a process designed to be implemented in stages over the ensuing years. *Compl.* [#1] ¶¶ 22-35. In their sole claim for relief in the present lawsuit, Plaintiffs, which represent various industries, assert that the federal Energy Policy and Conservation Act ("EPCA") preempts these building code standards. *Id.* ¶¶ 78–85. In the present Motion [#15], Proposed Defendant-Intervenor Sierra Club seeks leave "to intervene to uphold and defend Denver's building code standards," because it "has worked for years to develop and enact the challenged building code standards, and these standards provide important environmental, air quality, and other benefits to Sierra Club and its members." *Motion* [#15] at 3. Sierra Club has also already filed a Proposed Motion to Dismiss [#16] for resolution should its intervention request be granted.

The Tenth Circuit Court of Appeals "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017). Here, Sierra Club argues that it is entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a) and, in the alternative, should be allowed permissive intervention pursuant to Fed. R. Civ. P. 24(b). *Motion* [#15] at 3. The Court begins with Rule 24(a), finding it dispositive.

---

[1] Because the Court finds that the Motion [#23] should be granted, it may resolve the Motion [#23] by Order rather by Recommendation. *See, e.g.*, *Turner v. Efinancial, LLC*, No. 18-cv-00292-CMA-GPG, 2018 WL 4219388, at *2 (D. Colo. Sept. 5, 2018).

2

Rule 24(a)(2) provides:

On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Thus, to be entitled to intervene as of right pursuant to this rule, the Court considers four factors: (1) whether the request to intervene was timely filed; (2) whether the movant "claims an interest relating to the property or transaction that is the subject of the action"; (3) whether this "interest may as a practical matter be impaired or impeded"; and (4) whether the party on whose side the movant seeks to intervene will adequately represent the movant's interest. *Kane County, Utah v. United States*, 94 F.4th 1017, 1029-30 (10th Cir. 2024). These four factors are not "rigid, technical requirements," but, rather, are "intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation." *San Juan County v. United States*, 503 F.3d 1163, 1195 (10th Cir.2007) (en banc), *abrogated on other grounds by Hollingsworth v. Perry*, 570 U.S. 693 (2013), *as recognized by W. Energy All.*, 877 F.3d at 1165. Further, the intervention requirements may be "relaxed . . . in cases raising significant public interests[.]" *Kane County*, 94 F.4th at 1025 (citation omitted).

Here, Plaintiffs assert that Sierra Club has failed to meet the first factor (timeliness) and fourth factor (adequacy of representation).[2] *Response* [#23] at 8. The Court examines each in turn.

---

[2] Indeed, as the parties appear to agree, the Court notes that the second and third factors both appear to clearly weigh in favor of intervention. *See Motion* [#15] at 7-12.

**A.     Timeliness**

Here, Plaintiffs argue that, "[d]espite widespread media coverage of the lawsuit around the time it was filed, Sierra Club waited more than a month after Denver filed its Answer to file its Motion to Intervene and its Proposed Motion to Dismiss[.]" *Response* [#23] at 7. Thus, Plaintiffs assert that Sierra Club's Motion [#23] is untimely. *Id.*

In determining whether a motion to intervene has been timely filed, a court considers "all of the circumstances, including the length of time since the applicant knew of [its] interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir.1984) (internal citation omitted). "'The analysis is contextual; absolute measures of timeliness should be ignored.'" *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)); *see also id.* (citing *Stupak–Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000) ("The absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important of these circumstances.")). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention where no one would be hurt and greater justice could be attained. " *Id.* (citation and internal quotation marks omitted).

This lawsuit was filed on July 3, 2024. *See Compl.* [#1]. Defendant was swiftly served on July 9, 2024, *see* [#9], and it timely filed its Answer [#13] on July 29, 2024. Just over a month later, on September 5, 2024, Sierra Club filed the present Motion [#15] seeking intervention. The request was made two months prior to the then-set November

4

3, 2024 Scheduling Conference, although this hearing was later vacated. *Order Setting Scheduling/Planning Conference* [#8]; *Minute Order* [#28].

Plaintiffs argue that September 5, 2024, was "too late" because a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) may not be filed after an answer is filed, and allowing Sierra Club to intervene and file its Motion to Dismiss [#16] "would thereby prejudice the parties by resetting the case to a stage that they have already completed." *Motion* [#23] at 7.

The Court is not convinced by this argument for two reasons. First, although Plaintiffs assert as a general matter that they would be prejudiced by allowing Sierra Club's intervention, they have provided no specifics. Second, Plaintiffs conflate the issue of whether the present intervention Motion [#15] is timely with the issue of whether the Motion to Dismiss [#16] is timely. Because Sierra Club filed its Motion [#15] seeking intervention only two months after the lawsuit was filed and two months before a Scheduling Conference was set to be held, the Court finds the intervention request to be timely.[3]

In short, because of the short timeframe between when the case was filed and when Sierra Club moved to intervene, the lack of specific identified prejudice to the existing parties or the applicant, and the lack of any unusual circumstances, the Court finds that the timeliness factor of Rule 24(a)(2) weighs in favor of intervention. *See Sanguine, Ltd.*, 736 F.2d at 1418.

---

[3] The Court also notes that the Motion to Dismiss [#16] is therefore timely as well, as it could not have been filed before the present Motion [#15] was filed and cannot technically be "at issue" prior to the intervention request being granted.

5

B.     **Adequacy of Representation**

Here, Plaintiffs argue that the Motion [#23] should be denied because Sierra Club's interests in this litigation are adequately represented by Defendant City and County of Denver, "since there is no daylight between Denver and Sierra Club's positions on the only issue in the case." *Response* [#23] at 3.

The burden on a proposed intervenor is "minimal" to "show that the representation of the existing parties may be inadequate." *Kane County*, 94 F.4th at 1030. The Court presumes adequate representation only where the proposed intervenor and the representative party have "identical" interests, i.e., where those interests "overlap fully." *Id.* (citations omitted). Similarity of interests is not enough to assume adequate representation. *Id.* The Tenth Circuit has "expressed doubt" about whether the government, when it is the representative party, can "'adequately represent the interests of a private intervenor and the interests of the public.'" *Id.* (quoting *W. Energy All.*, 877 F.3d at 1168). This is because, "[i]n litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor." *Utah Ass'n of Cntys*, 255 F.3d at 1256. "This potential conflict exists even when the government is called upon to defend against a claim which the would-be intervenor also wishes to contest." *Id.*

In support of its argument that Defendant City and County of Denver does not adequately represent its interests, Sierra Club points to an unpublished opinion issued in *Colorado Apartment Association v. Ryan*, No. 24-cv-01093-RMR (D. Colo. Aug. 19, 2024) (Docket No. 50), which addressed this factor under very similar circumstances. *Reply* [#24] at 6-7. There, like here, the plaintiffs had filed suit to argue that the federal EPCA

6

preempted building performance standards by the State of Colorado and City and County of Denver defendants, and that those standards should therefore be enjoined from enforcement. Sierra Club and others moved to intervene under Rule 24(a) and (b). The District Judge determined that all four elements of Rule 24(a)(2) were met, including finding that representation by the State of Colorado and City and County of Denver defendants might be inadequate. The Court finds the District Judge's analysis in *Ryan* to be highly persuasive here.

First, in *Ryan*, the District Judge found that the mere fact that the proposed intervenors and the government defendants sought the same relief did not mean that their interests were identical. *See* [#50, in No. 24-cv-01093-RMR] at 7-8 (citing *Kane County*, 94 F.4th at 1017). Second, the District Judge noted that "[t]he Tenth Circuit has repeatedly held that a government's obligation to represent the public interest rebuts the presumption that it can adequately represent the interests of a private movant who shares the same ultimate objective in the litigation." *Id.* at 8 (citations and internal quotation marks omitted). She also emphasized that "an intervenor need only show that representation may be inadequate, not that it is inadequate." *Id.* at 9 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). In holding that the proposed intervenors' interests may not be adequately represented by the government defendants, the District Judge stated:

> Here, Defendants are governmental entities who may not adequately represent the Proposed Intervenor's private interests when defending against Plaintiffs' claims that the Standards are preempted by the EPCA. Although Defendants and Proposed Intervenors' share the same objective of defending and upholding the Standards, there is the possibility that Defendants may not adequately represent Proposed Intervenors' interest in upholding the Standards in a way that promotes strong, environmentally friendly building performance standards, public health, renters' utility bill

7

> savings, and clean energy business opportunities. That is because the challenged Standards reflect the input and interest of a broader set of stakeholders, some of whom have interests adverse to Proposed Intervenors.

*Id.* at 8-9. Finally, the District Judge noted that the government defendants had not voiced any affirmative intent to defend the proposed intervenors' interests, which weighed against finding that the government defendants would adequately represent those interests. *Id.* at 9 (citing *Clinton*, 255 F.3d at 1346).

Here, too, the Court finds that Sierra Club has met its "minimal" burden, particularly in light of the Tenth Circuit's "liberal" approach to intervention and the fact that this case concerns "significant public interests." *See Kane County*, 94 F.4th at 1025, 1030; *W. Energy All.*, 877 F.3d at 1164. First, the Court agrees with Sierra Club that Defendant City and County of Denver's pursuit of settlement in this litigation, *see Motion* [#15] at 3-4, indicates that the City may not adequately represent Sierra Club's interests because the Club "intends to fully defend each of the challenged Denver building code standards, and it has filed a proposed Motion to Dismiss covering all the claims in this case," unlike the City, which has only filed an Answer [#13]. *Reply* [#24] at 4. This is especially true because, although Plaintiffs assert a single claim, the Complaint [#1] implicates multiple issues because it "challenges several distinct building code standards, including existing standards for space heating equipment . . . , existing standards for water heating equipment . . . , future 2025 standards that apply to several types of equipment . . . , and future 2027 standards that apply to several types of equipment[.]" *Id.* at 5 (citing *Compl.* [#1] ¶¶ 18-35, 79, 87-88). In other words, although the EPCA could conceivably preempt all at-issue City building code standards, the Court cannot find at this time that this is an

8

all-or-nothing proposition. In other words, it is possible that the EPCA might preempt some of the standards but not others.

Further, as Sierra Club points out, its interest is "focused on advancing the many environmental and public health benefits of the building code standards," while Defendant City and County of Denver must "represent[ ] a broad spectrum of views—including private economic and business interests—that may differ substantially from those of Sierra Club." *Motion* [#15] at 13; *see Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 20020) ("We have repeatedly pointed out that . . . the government's prospective task of protecting not only the interest of the public but also the private interest of the petitioners in intervention is on its face impossible and creates the kind of conflict that satisfies the minimal burden of showing inadequacy of representation." (citation and internal quotation marks omitted)).

Finally, Defendant City of County and Denver's apparent opposition to the Motion [#15], *see Response* [#23] at 1, and the absence of an affirmatively stated intent by it to defend Sierra Club's interests, weigh against finding that its interests "overlap fully" with Sierra Club's. *See Kane County*, 94 F.4th at 1030; *Clinton*, 255 F.3d at 1346.

Thus, for these reasons, the Court finds that the potential inadequacy of representation factor of Rule 24(a)(2) weighs in favor of intervention. *See Sanguine, Ltd.*, 736 F.2d at 1418. Accordingly, the Court finds that intervention under Rule 24(a) is appropriate.

### III. Conclusion

Based on the foregoing,

9

IT IS HEREBY **ORDERED** that the Motion [#15] is **GRANTED**. Sierra Club is permitted to intervene as a Defendant in this lawsuit.

IT IS FURTHER **ORDERED** that Sierra Club's Proposed Motion to Dismiss [#16] is accepted as filed.

IT IS FURTHER **ORDERED** that any response to the Motion to Dismiss [#16] shall be filed **within 21 days** of the date of this Order.

IT IS FURTHER **ORDERED** that any reply in support of the Motion to Dismiss [#16] shall be filed **within 35 days** of the date of this Order.

The parties are further reminded of the Court's Minute Order [#28] regarding other potential deadlines in this matter.

Dated: May 1, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge