**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-01862-PAB-KAS

RESTAURANT LAW CENTER, NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, COLORADO RESTAURANT ASSOCIATION, HOME BUILDERS ASSOCIATION OF METROPOLITAN DENVER, AMERICAN HOTEL & LODGING ASSOCIATION, NATIONAL APARTMENT ASSOCIATION, and NATIONAL PROPANE GAS ASSOCIATION,

      Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER,

      Defendant,

SIERRA CLUB,

      Defendant-Intervenor.

---

**ANSWER OF DEFENDANT-INTERVENOR SIERRA CLUB**

---

**INTRODUCTION**

1.      Paragraph 1 describes Plaintiffs' legal theories and requested relief, to which no response is required. To the extent Paragraph 1 contains allegations that require a response, Sierra Club denies these allegations.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 1 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required. ECF No. 43.

2.      The allegations in Paragraph 2 are ambiguous, subjective, and vague.  Sierra Club therefore denies the allegations in Paragraph 2.

1

3.      Sierra Club denies Paragraph 3.

4.      Sierra Club denies the first sentence of Paragraph 4.  The second sentence of Paragraph 4 purports to characterize and quote from *California Restaurant Association v. City of Berkeley*, 65 F.4th 1045 (9th Cir. 2023), which is the best evidence of its contents.  To the extent this sentence contains allegations that require a response, Sierra Club denies these allegations.  The allegations in the third sentence of Paragraph 4 are legal conclusions to which no response is required.  To the extent this sentence contains allegations that require a response, Sierra Club denies these allegations.  Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 4 and therefore denies them.  The allegations in the fifth sentence of Paragraph 4 are legal conclusions to which no response is required.  To the extent this sentence contains allegations that require a response, Sierra Club denies these allegations.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 4 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

5.      Sierra Club denies the allegations in Paragraph 5.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 5 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

6.      Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 6 and therefore denies them.  Sierra Club denies the allegations in the third and fourth sentences of Paragraph 6.  In

2

addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 6 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

7.      The allegations in the first sentence of Paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies these allegations.  The second sentence in Paragraph 7 represents Plaintiffs' characterization of their complaint, to which no answer is required.  To the extent a response is required, Sierra Club denies these allegations.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 7 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

**JURISDICTION AND VENUE**

8.      The allegations in Paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 10.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 10 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

**PARTIES**

11.     Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fourth, seventh, and ninth through fourteenth sentences of Paragraph 11 and therefore denies them.  Sierra Club denies the allegations in the fifth, sixth, eighth, and fifteenth sentences of Paragraph 11.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 11 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

12.     Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through third, fifth, seventh, tenth, and twelfth through fourteenth sentences of Paragraph 12 and therefore denies them.  Sierra Club denies the allegations in the fourth, sixth, eighth, ninth, eleventh, and fifteenth sentences of Paragraph 12. In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 12 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

13.     Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 13 and therefore denies them.  Sierra Club denies the allegations in the third sentence of Paragraph 13.

14.     Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through third, fifth, seventh, ninth, twelfth, and thirteenth sentences of Paragraph 14 and therefore denies them.  Sierra Club denies the allegations in the

4

fourth, sixth, eighth, tenth, eleventh, and fourteenth sentences of Paragraph 14.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 14 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

15.    Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fifth sentences of Paragraph 15 and therefore denies them.  Sierra Club denies the allegations in the sixth through tenth sentences of Paragraph 15.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

16.    Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, fourth, sixth, eighth, and ninth sentences of Paragraph 16 and therefore denies them.  Sierra Club denies the allegations in the third, fifth, seventh, tenth, and eleventh sentences of Paragraph 16.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 16 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

17.    Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through third sentences of Paragraph 17 and therefore denies them.  Sierra Club denies the allegations in the fourth and fifth sentences of Paragraph 17.  In

addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 17 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

18.     The allegations in Paragraph 18 are legal conclusions to which no response is required.  In addition, the Court dismissed the portion of Plaintiffs' claim challenging the 2025 and 2027 standards contained in Revised Municipal Code 10.20 in its Order on Sierra Club's Motion to Dismiss.  ECF No. 43.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 18.

19.     Paragraph 19 refers to portions of Plaintiffs' case that the Court dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no response is required. To the extent a response is required, Sierra Club denies the allegations in Paragraph 19.

20.     Paragraph 20 refers to portions of Plaintiffs' case that were dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 20.

21.     Sierra Club admits that the Denver City Council voted in January 2023 to amend the Building and Fire Code.  Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 21 and therefore denies them.  Sierra Club admits that Sections C403.2.4 and C404.10 apply to permit applications submitted after January 1, 2024.  Sierra Club denies the remaining allegations in the second sentence of Paragraph 21.

6

**Plaintiffs' Assertions that Denver's Energy Code Places Restrictions**

**On Federally Regulated Appliances**

22.     Assuming that paragraph 22 is referring to Council Bill 21-1310, Sierra Club admits that in 2021, the Denver City Council voted to adopt, and the Mayor signed into law, Ordinance 21-1310.  Sierra Club denies the remainder of the allegations in Paragraph 22.

23.     Assuming that paragraph 23 is referring to the Municipal Code requirements in Council Bill 21-1310, Sierra Club admits that Council Bill 21-1310 refers to amendments to the Building and Fire Code to be made in 2023.  Sierra Club denies the remainder of the allegations in Paragraph 23.  In addition, Sierra Club reiterates that the Court dismissed Plaintiffs' claims concerning the 2025 and 2027 amendments that have not yet occurred, *see* ECF No.43, and therefore no response is required to allegations concerning the 2025 and 2027 amendments.

24.     Sierra Club admits that Council Bill 21-1310 directs certain amendments to be made to the Denver Building and Fire Code by 2023.  In addition, Paragraph 24 refers to portions of Plaintiffs' case that were dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 refer to portions of Plaintiffs' case that were dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 25.

26.     The allegations in Paragraph 26 refer to portions of Plaintiffs' case that were dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no

response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 refer to portions of Plaintiffs' case that were dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 refer to portions of Plaintiffs' case that were dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 refer to portions of Plaintiffs' case that were dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 29.

30.     Sierra Club admits the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 refer to portions of Plaintiffs' case that were dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 31.

32.     Sierra Club admits that Sections C403.2.4 and C404.10 apply to permit applications submitted after January 1, 2024.  Sierra Club denies the remaining allegations in Paragraph 32.

33.     Paragraph 33 purports to characterize and quote from Section C403.2.4 of the 2022 Denver Energy Code, which is the best evidence of its content.  Sierra Club denies the allegations in Paragraph 33 to the extent they are inconsistent with Section C403.2.4.

34.     Paragraph 34 purports to characterize and quote from Section C404.10 of the 2022 Denver Energy Code, which is the best evidence of its content.  Sierra Club denies the allegations in Paragraph 34 to the extent they are inconsistent with Section C404.10.

35.     The allegations in Paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 35.

**Plaintiffs' Assertions that EPCA Establishes National Appliance Energy Regulations**

36.     The allegations in Paragraph 36 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 36.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 36 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

37.     Sierra Club admits that the Energy Policy and Conservation Act was first passed in 1975.  The remaining allegations in Paragraph 37 are ambiguous, subjective, and vague. Sierra Club therefore denies the remaining allegations in Paragraph 37.

38.     Paragraph 38 purports to characterize and quote from a Senate Report, which is the best evidence of its contents.  Sierra Club denies the allegations of Paragraph 38 to the extent they are inconsistent with the Senate Report.

9

39. The allegations in Paragraph 39 are ambiguous, subjective, and vague. Sierra Club therefore denies the allegations in Paragraph 39.

40. The allegations in the first and second sentences of Paragraph 40 are ambiguous, subjective, and vague. Sierra Club therefore denies the allegations in sentences one and two of Paragraph 40. The third sentence of Paragraph 40 purports to characterize and quote from a House Report, which is the best evidence of its contents. Sierra Club denies the allegations of sentence three of Paragraph 40 to the extent they are inconsistent with the House Report.

41. The allegations in Paragraph 41 are legal conclusions to which no response is required. To the extent a response is required, Sierra Club denies the allegations in Paragraph 41.

42. Sierra Club admits that Congress passed the National Energy Act ("NEA") in 1978. The remaining allegations of Paragraph 42 are legal conclusions to which no response is required. To the extent a response is required, Sierra Club denies the allegations in Paragraph 42.

43. Sierra Club admits the first and second sentences of Paragraph 43. The remaining allegations in Paragraph 43 are legal conclusions to which no response is required. To the extent a response is required, Sierra Club denies the allegations in Paragraph 43.

44. Sierra Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 44 and therefore denies them. The second sentence of Paragraph 44 purports to characterize and quote from a Senate Report, which is the best evidence of its contents. Sierra Club denies the allegations in sentence two of Paragraph 44 to the extent they are inconsistent with the Senate Report.

10

45.     Sierra Club admits that Congress passed the National Appliance Energy Conservation Act ("NAECA") in 1987.  Sierra Club denies the remaining allegations and characterizations in sentence one of Paragraph 45.  The second sentence of Paragraph 45 purports to characterize and quote from a Senate Report, which is the best evidence of its contents.  Sierra Club denies the allegations in sentence two of Paragraph 45 to the extent they are inconsistent with the Senate Report.

46.     The first sentence of Paragraph 46 purports to characterize and quote from a Senate Report, which is the best evidence of its contents.  Sierra Club denies the allegations in sentence one of Paragraph 46 to the extent they are inconsistent with the Senate Report.  The second sentence of Paragraph 46 purports to characterize and quote from a House Report, which is the best evidence of its contents.  Sierra Club denies the allegations in sentence two of Paragraph 46 to the extent they are inconsistent with the House Report.

47.      Paragraph 47 purports to characterize and quote from a Senate Report, which is the best evidence of its contents.  Sierra Club denies the allegations in Paragraph 47 to the extent they are inconsistent with the Senate Report.

48.     Sierra Club denies the allegations in the first sentence of Paragraph 48.  The second and third sentences of Paragraph 48 purport to characterize and quote from a Senate Report, which is the best evidence of its contents.  Sierra Club denies the allegations in the second and third sentences of Paragraph 48 to the extent they are inconsistent with the Senate Report.

49.     Sierra Club denies the allegations in the first and second sentences of Paragraph 49.  The third and fourth sentences of Paragraph 49 purport to characterize and quote from a House Report, which is the best evidence of its contents.  Sierra Club denies the allegations in

the third and fourth sentences of Paragraph 49 to the extent they are inconsistent with the House Report. The fifth, sixth, and seventh sentences of Paragraph 49 purport to characterize and quote from a Senate Report, which is the best evidence of its contents. Sierra Club denies the allegations in the fifth, sixth, and seventh sentences of Paragraph 49 to the extent they are inconsistent with the Senate Report.

50. Sierra Club admits the allegations in the first sentence of Paragraph 50. The allegations in the second sentence of Paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, Sierra Club denies the allegations in the second sentence of Paragraph 50. The third sentence of Paragraph 50 purports to characterize and quote from the Act, which is the best evidence of its contents. Sierra Club denies the allegations in the third sentence of Paragraph 50 to the extent they are inconsistent with the Act.

51. The allegations in Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, Sierra Club denies the allegations in Paragraph 51.

<b>Plaintiffs' Assertions that EPCA Expressly Preempts State Regulation of</b>

<b>Consumer and Industrial Appliances</b>

52. The allegations in Paragraph 52 are legal conclusions to which no response is required. To the extent a response is required, Sierra Club denies the allegations in Paragraph 52.

53. The allegations in first sentence in Paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, Sierra Club denies the allegations in the first sentence of Paragraph 53. The second sentence of Paragraph 53 purports to characterize

and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the

allegations in the second sentence of Paragraph 53 to the extent they are inconsistent with EPCA.

54.     The first and second sentences of Paragraph 54 purports to characterize and quote

from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in the

first and second sentences of Paragraph 54 to the extent they are inconsistent with EPCA.  Sierra

Club denies the allegations in the third and fourth sentences of Paragraph 54.   In addition, to the

extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 54 to include the 2025

and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion

of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss,

and therefore no response is required.  ECF No. 43.

55.     Paragraph 55 purports to characterize and quote from EPCA, which is the best

evidence of its contents.  Sierra Club denies the allegations in Paragraph 55 to the extent they are

inconsistent with EPCA.

56.     Paragraph 56 purports to characterize and quote from EPCA, which is the best

evidence of its contents.  Sierra Club denies the allegations in Paragraph 56 to the extent they are

inconsistent with EPCA.

57.     The allegations in Paragraph 57 are legal conclusions to which no response is

required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph

57.

58.     The allegations in Paragraph 58 are legal conclusions to which no response is

required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph

58.

13

59.     Paragraph 59 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in Paragraph 59 to the extent they are inconsistent with EPCA.

60.     Paragraph 60 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in Paragraph 60 to the extent they are inconsistent with EPCA.

61.     Paragraph 61 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in Paragraph 61 to the extent they are inconsistent with EPCA.

62.     The allegations in Paragraph 62 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 62.

**Plaintiffs' Assertions that EPCA Preempts the Municipal Appliance Bans**

63.     The allegations in Paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 63.

64.     Sierra Club denies the allegations in the first, second, and third sentences of Paragraph 64.  The allegations in the fourth sentence of Paragraph 64 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in the fourth sentence of Paragraph 64.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 64 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim

challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

65.    Paragraph 65 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in Paragraph 65 to the extent they are inconsistent with EPCA.

66.    The allegations in Paragraph 66 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 66.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 66 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

67.    The allegations in paragraph 67 are legal conclusions and are ambiguous, subjective, and vague.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 67.

68.    The allegations in Paragraph 68 are legal conclusions and are ambiguous, subjective, and vague.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 68.

69.    The allegations in Paragraph 69 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 69.

70.    The first sentence of Paragraph 70 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in the first sentence of Paragraph 70 to the extent they are inconsistent with EPCA.  The allegations in the second

sentence of Paragraph 70 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in the second sentence of Paragraph 70. Sierra Club denies the allegations in the third sentence of Paragraph 70.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 70 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

71.    The first sentence of Paragraph 71 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in the first sentence of Paragraph 71 to the extent they are inconsistent with EPCA.  Sierra Club denies the allegations in the second sentence of Paragraph 71.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 71 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

72.    The first sentence of Paragraph 72 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in the first sentence of Paragraph 72 to the extent they are inconsistent with EPCA.  Sierra Club denies the allegations in the second and third sentences of Paragraph 72.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 72 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

73.     The first sentence of Paragraph 73 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in the first sentence of Paragraph 73 to the extent they are inconsistent with EPCA.  Sierra Club denies the allegations in the second sentence of Paragraph 73.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 73 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

74.     The allegations in Paragraph 74 are legal conclusions and are ambiguous, subjective, and vague.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 74.

75.     Paragraph 75 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra Club denies the allegations in Paragraph 75 to the extent they are inconsistent with EPCA.

76.     The allegations in Paragraph 76 are legal conclusions to which no response is required.  To the extent a response is required, Sierra Club denies the allegations in Paragraph 76.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in Paragraph 76 to include the 2025 and 2027 standards contained in Revised Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

77.     Sierra Club admits that Denver is not a state.  Sierra Club denies all remaining allegations in the first and second sentences of Paragraph 77.  The third sentence of Paragraph 77 purports to characterize and quote from EPCA, which is the best evidence of its contents.  Sierra

17

Club denies the allegations in the third sentence of Paragraph 77 to the extent they are

inconsistent with EPCA.

## CAUSES OF ACTION

### COUNT ONE: FEDERAL PREEMPTION BY THE ENERGY POLICY AND CONSERVATION ACT

78.     Sierra Club incorporates its answers to Paragraphs 1–77 above.

79.      The allegations in Paragraph 79 are legal conclusions to which no response is

required.  In addition, Paragraph 79 refers in part to portions of Plaintiffs' case that the Court

dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no

response to those allegations is required.  To the extent a response is required, Sierra Club denies

the allegations in Paragraph 79.

80.     Sierra Club denies the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 are legal conclusions to which no response is

required.  In addition, Paragraph 81 refers in part to portions of Plaintiffs' case that the Court

dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no

response to those allegations is required.  To the extent a response is required, Sierra Club denies

the allegations in Paragraph 81.  In addition, to the extent Plaintiffs use the term "Municipal

Appliance Bans" in Paragraph 81 to include the 2025 and 2027 standards contained in Revised

Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those

standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.

ECF No. 43.

82.     The allegations in Paragraph 82 are legal conclusions to which no response is

required.  In addition, Paragraph 82 refers in part to portions of Plaintiffs' case that the Court

dismissed in its Order on Sierra Club's Motion to Dismiss, ECF No. 43, and therefore no

response to those allegations is required.  To the extent a response is required, Sierra Club denies

the allegations in Paragraph 82.  In addition, to the extent Plaintiffs use the term "Municipal

Appliance Bans" in Paragraph 82 to include the 2025 and 2027 standards contained in Revised

Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those

standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.

ECF No. 43.

83.    The allegations in Paragraph 83 are legal conclusions to which no response is

required.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in

Paragraph 83 to include the 2025 and 2027 standards contained in Revised Municipal Code

10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its

Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

To the extent a response is required, Sierra Club denies the allegations in Paragraph 83.

84.    The allegations in Paragraph 84 are legal conclusions to which no response is

required.  In addition, to the extent Plaintiffs use the term "Municipal Appliance Bans" in

Paragraph 84 into include the 2025 and 2027 standards contained in Revised Municipal Code

10.20, the Court dismissed the portion of Plaintiffs' claim challenging those standards in its

Order on Sierra Club's Motion to Dismiss, and therefore no response is required.  ECF No. 43.

To the extent a response is required, Sierra Club denies the allegations in Paragraph 84.

85.    Paragraph 85 contains Plaintiffs' request for relief, to which no reply is required.

In addition, to the extent Plaintiffs refer to the 2025 and 2027 standards contained in Revised

Municipal Code 10.20, the Court dismissed the portion of Plaintiffs' claim challenging those

standards in its Order on Sierra Club's Motion to Dismiss, and therefore no response is required.

ECF No. 43.  To the extent a response is required, Sierra denies that Plaintiffs are entitled to any relief.

<h2 style="text-align:center">PRAYER FOR RELIEF</h2>

No response is required to Plaintiffs' prayer for relief.  To the extent a response is required, Sierra Club specifically denies each allegation contained in the prayer for relief and denies that Plaintiffs are entitled to any relief.

<h2 style="text-align:center">GENERAL DENIAL</h2>

Sierra Club denies each and every allegation in the Complaint to the extent not expressly admitted in this Answer.

<h2 style="text-align:center">AFFIRMATIVE DEFENSES</h2>

By way of defenses, Sierra Club asserts that:

1.     This Court lacks subject matter jurisdiction over each of Plaintiffs' causes of action.

2.     Plaintiffs have failed to state a cause of action upon which relief can be granted.

3.     Plaintiffs lack standing.

4.     Plaintiffs' claims fail as a matter of law.

5.     Sierra Club incorporates by reference any defenses raised by any other parties to this case.

Respectfully submitted this 29th day of September, 2025.

| | |
|---|---|
| */s/ Michael A. Hiatt* | Matthew Gerhart |
| Michael A. Hiatt | Jim Dennison |
| Emma Hardy | Sierra Club |
| Earthjustice | 1536 Wynkoop St., Suite 200 |
| 1125 17th Street, Suite 1010 | Denver, CO 80202 |
| Denver, CO 80202 | (303) 454-3346 |
| (303) 623-9466 | matt.gerhart@sierraclub.org |
| mhiatt@earthjustice.org | jim.dennison@sierraclub.org |

20

ehardy@earthjustice.org
*Attorneys for Defendant-Intervenor Sierra Club*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2025, I caused a true and correct copy of the foregoing **ANSWER OF DEFENDANT-INTERVENOR SIERRA CLUB** to be electronically filed with the Clerk of Court and served on the following parties using the CM/ECF system:

Ronald Scott Novak, Jr.
Baker Botts LLP
700 K Street NW
Washington, DC 20001
(202) 639-7786
scott.novak@bakerbotts.com

*Attorney for Plaintiffs*

Jonathan Mark Little
Baker Botts LLP
910 Louisiana St.
Houston, TX 77002
(713) 229-1489
mark.little@bakerbotts.com

*Attorney for Plaintiffs*

Angelo Amador
2055 L St NW
Washington, DC 20036
(202) 331-5913
AAmador@restaurant.org

*Attorney for Plaintiff Restaurant Law Center*

Michele Annette Horn
Adam C. Hernandez
Denver City Attorney's Office
201 West Colfax Avenue
Denver, CO  80202-5332
(720) 913-3260
michele.horn@denvergov.org
adam.hernandez2@denvergov.org

*Attorneys for Defendant City
and County of Denver*

_/s/ Diana Ramirez_
Diana Ramirez
Senior Litigation Assistant
Earthjustice
1125 17th Street, Suite 1010
Denver, CO 80202
dramirez@earthjustice.org

21