**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-01862-PAB-KAS

RESTAURANT LAW CENTER, NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, COLORADO RESTAURANT ASSOCIATION, HOME BUILDERS ASSOCIATION OF METROPOLITAN DENVER, AMERICAN HOTEL & LODGING ASSOCIATION, NATIONAL APARTMENT ASSOCIATION, and NATIONAL PROPANE GAS ASSOCIATION,

     Plaintiffs,

  v.

THE CITY AND COUNTY OF DENVER,

     Defendant,

SIERRA CLUB,

     Defendant-Intervenor.

---

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

---

Plaintiffs provide this Notice of Supplemental Authority to bring to the Court's attention the Supreme Court's recent opinion in *Chevron USA Inc. v. Plaquemines Parish, Louisiana*, 146 S. Ct. 1052 (2026) (attached as Exhibit A). That case merits the Court's attention because it sheds additional light on the meaning of "relating to," which bears directly on the meaning of the similar term "concerning" in the Energy Policy and Conservation Act's preemption provision. *See* 42 U.S.C. §§ 6297(c), 6316(b)(2)(A).

The Supreme Court recognized that "[t]he phrase 'relating to' sweeps broadly":

It means "'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 383 (1992) (quoting Black's Law Dictionary 1158 (5th ed. 1979)). One thing can relate to another even if the connection is "indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U. S. 133, 139 (1990). One thing can relate to another even if it was "not specifically designed to affect" it. *Ibid.* And, one thing

> can relate to another even without a "strict causal relationship." *Ford Motor Co. v.*
> *Montana Eighth Judicial Dist. Court*, 592 U. S. 351, 362 (2021).

*Chevron*, 146 S. Ct. at 1060. As it further explained, "we have held in the preemption context that a state law can 'relate to' benefit plans even when the law was 'not specifically designed to affect such plans.'" *Id.* at 1062 (quoting *Ingersoll-Rand*, 498 U.S. at 139). Applying those principles, the Court held that the challenge to Chevron's conduct in the course of its "wartime efforts to produce and supply avgas' essential feedstock" "fits comfortably within the ordinary meaning of a suit 'relating to' the performance of federal duties," specifically to Chevron's duty as a federal contractor to refine avgas. *Id.* at 1061.

Because "concerning" and "relating to" are similar broadening terms, *see id.* at 1060 (explaining that "relate to" means, *inter alia*, "to . . . concern"); Dkt. 59, Resp. to Denver's MTD, at 8, this guidance from the Supreme Court on the broad sweep of "relating to" should inform the Court's analysis of whether the Municipal Appliance Bans qualify as laws "concerning the energy efficiency [or] energy use" of EPCA-covered appliances. 42 U.S.C. §§ 6297(c), 6316(b)(2)(A).

By: */s/ J. Mark Little*
J. Mark Little
Baker Botts L.L.P.
910 Louisiana Street
Houston, TX 77002
(713) 229-1489
mark.little@bakerbotts.com

Scott Novak
Baker Botts L.L.P.
700 K St NW
Washington, DC 20001
(202) 639-1319
scott.novak@bakerbotts.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of Court and served on the following parties using the CM/ECF system:

Michele A. Horn
Assistant City Attorney
City and County of Denver
201 West Colfax Avenue, Dept. 1207
Denver, CO 80202-5332
(720) 913-3275
michele.horn@denvergov.org

*Attorney for Defendant the City and County of Denver*

Michael A. Hiatt
Robert Rigonan
Diana Ramirez
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
(303) 623-9466
mhiatt@earthjustice.org
rrigonan@earthjustice.org
dramirez@earthjustice.org

Matthew Gerhart
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org

Jim Dennison
Sierra Club
1650 38th St. Suite 103W
Boulder, CO 80301
(435) 232-5784
jim.dennison@sierraclub.org

*Attorneys for Defendant-Intervenor Sierra Club*

/s/ J. Mark Little
J. Mark Little
Baker Botts L.L.P.
910 Louisiana Street
Houston, TX 77002
(713) 229-1489
mark.little@bakerbotts.com