**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-01862-PAB-KAS

RESTAURANT LAW CENTER, NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, COLORADO RESTAURANT ASSOCIATION, HOME BUILDERS ASSOCIATION OF METROPOLITAN DENVER, AMERICAN HOTEL & LODGING ASSOCIATION, NATIONAL APARTMENT ASSOCIATION, and NATIONAL PROPANE GAS ASSOCIATION,

    Plaintiffs,

    v.

THE CITY AND COUNTY OF DENVER,

    Defendant

SIERRA CLUB,

    Defendant-Intervenor.

## SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

The City and County of Denver and Sierra Club hereby notify the Court of a recent Second Circuit decision relevant to their pending motions to dismiss [ECF 57, 58]: *Ass'n of Contracting Plumbers, et. al. v. City of New York*, 2026 WL 1871692 (2d Cir., June 30, 2026). This case is relevant because the Second Circuit expressly disagreed with the majority opinion in *California Restaurant Association v. City of Berkeley*, 89 F4th 1094 (9th Cir. 2024) regarding whether EPCA preempts local laws which regulate the types of fuels appliances are permitted to use within the jurisdiction, holding that it does not.

The Second Circuit held that "EPCA, at its core, sets energy conservation standards," and the statute "contains no provisions which affirmatively protect consumers' ability to access covered products." *Ass'n of Contracting Plumbers*, 2026 WL 1871692 at *7. EPCA's "preemption provision targets regulations concerning appliances' 'energy use,'" and not "regulations concerning the covered appliances themselves." *Id.* at *8. Moreover, the court held that the term "energy use" in EPCA "is a standardized, fixed measure assigned to a product before it reaches consumers" that is based on test procedures, *id.* at *4, and the court rejected arguments that laws that prohibit the use of gas appliances would run afoul of EPCA because they effectively require zero energy use, *id.* at *3–5.

The court also noted that adopting the Appellants' interpretation of EPCA would preempt long-standing health and safety regulations barring the use of covered appliances, such as New York City's ban on indoor kerosene heaters. The court was skeptical that Congress intended EPCA to preempt "a whole slate of seemingly standard [state and local] regulations," such as zoning laws that bar the use of certain furnaces in residential neighborhoods. *Id.* at *13; *cf.* ECF No. 58 at 9–10; ECF No. 62 at 7–8.

The Plaintiffs in this case make similar arguments to the Appellants in *Association of Contracting Plumbers*. *E.g.*, ECF No. 59 at 9–15; ECF No. 60 at 5–7, 10–14, Thus, the Second Circuit's decision will aid the Court's analysis here.

2

Respectfully submitted this 6th day of July, 2026.

By: *s/ Michele A. Horn*
Michele A. Horn
Adam C. Hernandez
Assistant City Attorneys
City and County of Denver
201 West Colfax Avenue, Dept. 1207
Denver, CO 80202-5332
(720) 913-3275
michele.horn@denvergov.org
adam.hernandez2@denvergov.org

*Attorneys for Defendant the City and
County of Denver*

*s/ Michael A. Hiatt*
Michael A. Hiatt
Emma Hardy
Earthjustice
1125 17th Street, Suite 1010
Denver, CO 80202
(303) 623-9466
mhiatt@earthjustice.org
ehardy@earthjustice.org

Matthew Gerhart
Jim Dennison
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org
jim.dennison@sierraclub.org

*Attorneys for Defendant-Intervenor
Sierra Club*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, I caused a true and correct copy of the foregoing **SECOND NOTICE OF SUPPLEMENTAL AUTHORITY** to be electronically filed with the Clerk of Court and served on the following parties using the CM/ECF system:

Megan H. Berge
Scott Novak
J. Mark Little
Baker Botts, LLP
700 K St NW
Washington, DC  20001
megan.berge@bakerbotts.com
scott.novak@bakerbotts.com
mark.little@bakerbotts.com
*Attorneys for Plaintiffs*

Michael A. Hiatt
Emma Hardy
Earthjustice
1125 17th Street, Suite 1010
Denver, CO  80202
mhiatt@earthjustice.org
ehardy@earthjustice.org
*Attorneys for Defendant-Intervenor
Sierra Club*

Angelo Amador
2055 L St NW
Washington, DC  20036
aamador@restaurant.org
*Attorney for Restaurant Law Center*

*s/ Shannon Egan*
Shannon Egan, Paralegal
City and County of Denver
201 West Colfax Avenue,
Dept. 1207
Denver, Colorado  80202-5332