**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-01862-PAB-KAS

RESTAURANT LAW CENTER, NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, COLORADO RESTAURANT ASSOCIATION, HOME BUILDERS ASSOCIATION OF METROPOLITAN DENVER, AMERICAN HOTEL & LODGING ASSOCIATION, NATIONAL APARTMENT ASSOCIATION, and NATIONAL PROPANE GAS ASSOCIATION,

      Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER,

      Defendant,

SIERRA CLUB,

      Defendant-Intervenor.

---

**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

---

The City and County of Denver and Sierra Club notify the Court of a recent decision relevant to their pending motions to dismiss (Docket Nos. 57 & 58): *Clean Energy Choice Coalition, NFP v. Village of Oak Park*, No. 25-cv-04353, 2026 WL 2205908 (N.D. Ill. Jul. 30, 2026) (attached as Exhibit A). The decision was issued after the parties concluded briefing regarding the motions to dismiss. This decision is relevant because the Northern Division of Illinois expressly disagreed with the majority opinion in *California Restaurant Association v. City of Berkeley*, 89 F4th 1094 (9th Cir. 2024) regarding the definition of "energy use" and its application to building code standards that "regulate the types of energy or fuel that covered appliances may use in certain buildings." *Oak Park*, 2026 WL 2205908 at \*8.

The court in *Oak Park* determined that "'energy use' in EPCA refers to a predetermined

1

value that is assigned to a product before it reaches consumers," rejecting arguments that it means the "actual energy an appliance consumes in the hands of consumers." *Id.*; *see also id.* at *5. The court explained that the definition's reference to test procedures, which are "designed to produce test results measuring 'a representative *average use or period of use*,'" supported its interpretation. *Id.* at *8 (quoting 42 U.S.C. § 6293). The court therefore concluded that an ordinance that "regulates the types of energy or fuel that covered appliances may use in certain buildings … does not 'concern' energy use under EPCA." *Id.* It rejected arguments that such an ordinance "effectively sets the appliance's consumption to zero," concluding that "[w]hether [appliances' actual energy use by consumers] is zero is irrelevant under the statute." *Id.* The court also reasoned that such an ordinance "does not create the type of conflicting product standards or burdens on manufacturers that EPCA's preemption provision was intended to prevent and therefore falls outside the statute's preemptive scope." *Id.* Plaintiffs make these arguments here, so these decisions will aid the court's analysis. *See, e.g.,* Docket No. 59 at 8–10, 12, 13–15; Docket No. 60 at 4–7, 13–14.

Dated August 4, 2026.

s/ Michele A. Horn
Michele A. Horn
Adam C. Hernandez
Assistant City Attorneys
City and County of Denver
201 West Colfax Avenue, Dept. 1207
Denver, CO 80202-5332
(720) 913-3275
michele.horn@denvergov.org
adam.hernandez2@denvergov.org

*Attorneys for Defendant the City and
County of Denver*

2

s/ Michael A. Hiatt
Michael A. Hiatt
Emma Hardy
Earthjustice
1125 17th Street, Suite 1010
Denver, CO 80202
(303) 623-9466
mhiatt@earthjustice.org
ehardy@earthjustice.org

Matthew Gerhart
Jim Dennison
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org
jim.dennison@sierraclub.org

*Attorneys for Defendant-Intervenor Sierra Club*

**CERTIFICATE OF SERVICE**

I hereby certify on this 4th day of August, 2026, a true and correct copy of the foregoing **THIRD NOTICE OF SUPPLEMENTAL AUTHORITY** was electronically filed via the CM/ECF Filing System and served on all counsel of record.

*/s/Michael Hiatt*
Michael Hiatt
